

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BHAVESH A. PATEL** <br> (PLAINTIFF PRO SE) <br><br> **v.** <br><br> **DEFENDANTS LISTED IN EXHIBIT A** <br> (DEFENDANT) | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **4-25CV1439-0** <br><br> CIVIL CASE No. _____ |

**JURY TRIAL DEMANDED**

**CIVIL RIGHTS, DISABILITY, AND RACKETEERING COMPLAINT**

**CIVIL ACTION FILED PURSUANT TO:**

**42 U.S.C. § 1983; 18 U.S.C. §§ 1962, 1964; 42 U.S.C. § 12132; 29 U.S.C. § 794;**

**42 U.S.C. § 10803; and 28 U.S.C. §§ 1331, 1343)**

**PLAINTIFF INTENDS TO PROCEED IN FORMA PAUPERIS**

**FILED DATE: DECEMBER 22, 2025**

## CIVIL RIGHTS, DISABILITY, AND RACKETEERING COMPLAINT

## TO THE HONORABLE COURT:

## I. PRELIMINARY STATEMENT

COMES NOW Plaintiff pro se, Bhavesh A. Patel and brings this action to redress a sustained, coordinated pattern of retaliation, discrimination, obstruction of justice, unlawful surveillance, denial of disability accommodations, and misuse of governmental and institutional authority by state and local agencies, law enforcement, medical institutions, financial entities, and affiliated individuals. The conduct spans nearly a decade and implicates Plaintiff's rights under the **First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments,** as enforced through **42 U.S.C. § 1983,** as well as **federal disability statutes, civil-rights conspiracy statutes, obstruction statutes,** and the **Racketeer Influenced and Corrupt Organizations Act (RICO).**

This action is filed now as a federal civil lawsuit. Plaintiff expressly incorporates by reference prior civil-rights complaints submitted to the **U.S. Department of Justice Civil Rights Division (March and July 2025), the Texas Office of the Attorney General Civil Rights Division / ADA Coordinator (September 2025),** and the **Dallas Police Department Internal Affairs Division (October 2025).** Those filings placed Defendants on notice and satisfy, toll, or excuse any administrative-exhaustion requirements applicable to claims arising under **ADA Title II (42 U.S.C. § 12132), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), PAIMI (42 U.S.C. § 10803), and pattern-or-practice authorities including 42 U.S.C. § 12601.**

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under **28 U.S.C. §§ 1331 and 1343** because this action arises under the Constitution and laws of the United States, including **42 U.S.C. §§ 1983,**

1

**1985(3), 12132, 12601, 29 U.S.C. § 794, 42 U.S.C. § 10803, 18 U.S.C. §§ 1962, 1964, 241, 242, 1030, 1512, 1519,** and related provisions. Supplemental jurisdiction exists under **28 U.S.C. § 1367.** Venue is proper in the **Fort Worth Division** under **28 U.S.C. § 1391,** as Plaintiff resides in Tarrant County and a substantial portion of the acts and omissions occurred within this District.

## III. PARTIES

**PLAINTIFF:**

Bhavesh A. Patel is a resident of Keller, Texas. He is an individual with documented physical, neurological, psychiatric, and cognitive disabilities, including impairments affecting executive functioning, memory, processing speed, and stress tolerance. Plaintiff is also a pro se criminal defendant in a pending federal case and is entitled to meaningful access to courts and reasonable accommodations intertwined with disability status.

**DEFENDANTS:**

Defendants include the state, municipal, institutional, medical, financial, and individual defendants identified in Exhibit A, together with John Does 1–35, who acted under color of state law and/or in concert with state actors.

## IV. ADMINISTRATIVE EXHAUSTION AND NOTICE

Plaintiff filed detailed civil-rights complaints with DOJ, the Texas Attorney General, and Dallas PD Internal Affairs, describing substantially the same conduct alleged here. Those filings are incorporated by reference. Defendants were placed on notice. Any further exhaustion is excused by futility, retaliation risk, and the continuing nature of the violations.

## V. STATEMENT OF FACTS

### A. PROTECTED ACTIVITY AND RETALIATION

Plaintiff engaged in protected activities, including reporting suspected child abuse, seeking medical treatment, requesting public records, and asserting constitutional and statutory rights in pending judicial proceedings. Rather than receiving neutral governmental services, Plaintiff alleges these activities triggered retaliation and coordinated interference across agencies and institutions.

### B. CPS RETALIATION AND FAMILY INTERFERENCE

On **April 20, 2023,** Plaintiff made a good-faith report to Child Protective Services after his minor son disclosed inappropriate conduct by the child's stepfather. The child's school counselor independently confirmed the disclosure and also made a report. After this, CPS scrutiny shifted toward Plaintiff, allegedly in retaliation, interfering with fundamental parental rights. Plaintiff further alleges that CPS conduct occurred alongside law-enforcement and medical-system actions.

### C. LAW ENFORCEMENT TARGETING AND RECORDS SUPPRESSION

Concerns regarding law-enforcement targeting predate the CPS matter. On **June 27, 2016,** a Dallas Police Department officer contacted Plaintiff's father seeking access to Plaintiff's medical and mental-health records and the identities of treating physicians, outside normal investigative channels and without lawful authorization. Plaintiff retains text-message evidence of this contact.

On **April 11, 2022**, Plaintiff was the victim of an aggravated robbery in Dallas. Following the robbery, Plaintiff sought records from the Dallas Police Department. Records relating to the offense—including body-worn camera footage—were suppressed,

withheld, or inconsistently described as existing and then non-existent. Contradictory responses to formal requests under the Texas Public Information Act included exemptions asserted without itemization and no segregable non-exempt materials produced. Plaintiff alleges these contradictions evidence either negligent destruction or intentional suppression of evidence.

## D. MEDICAL INTERFERENCE AND DISABILITY DISCRIMINATION

Beginning in late 2024, Plaintiff alleges escalating interference with medical care at UT Southwestern and Baylor Scott & White facilities. Plaintiff experienced irregularities in provider identity, denial of records, and worsening outcomes. Plaintiff alleges these actions constituted disability discrimination, denial of reasonable accommodations, HIPAA violations, and interference with his ability to participate meaningfully in his defense and daily life.

## E. DIGITAL OBSTRUCTION

Plaintiff alleges repeated suspicious access to his Gmail and digital accounts, including those used for PACER filings and attorney or government communications, from geographic locations he has never visited. Abnormal system behavior included multiple concurrent sessions inconsistent with ordinary use. On the same day Plaintiff was filing critical federal pleadings asserting his pro se status, his printer malfunctioned and would not print, then began printing autonomously after returning from the courthouse. Plaintiff alleges these events interfered with access to courts and constitute obstruction of justice and unauthorized computer access.

4

## F. PATTERN, COORDINATION, AND ENTERPRISE CONDUCT

Plaintiff alleges that CPS, multiple law-enforcement agencies, medical institutions, financial entities, and affiliated individuals did not act independently, but rather in a pattern of coordinated conduct involving retaliation, obstruction, misuse of authority, and exploitation of Plaintiff's disability status. This pattern spans years dating as far back as 2016 if not further, crosses institutional boundaries, involves interstate communications and systems, and satisfies the elements of an enterprise engaged in a pattern of racketeering activity.

## VI. CAUSES OF ACTION AND GOVERNING AUTHORITIES

### COUNT I – 42 U.S.C. § 1983 (DEPRIVATION OF CONSTITUTIONAL RIGHTS):

Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Constitution and laws of the United States.

### COUNT II – FIRST AMENDMENT RETALIATION:

Defendants retaliated against Plaintiff for protected activity, including reporting child abuse, petitioning government, and asserting rights. *See **Hartman v. Moore, 547 U.S. 250 (2006)**.*

### COUNT III – FOURTH AMENDMENT (UNLAWFUL SEARCH, SEIZURE, SURVEILLANCE):

Defendants conducted unlawful searches and seizures, accessed medical and digital records without authorization, and engaged in surveillance. *See **Payton v. New York, 445 U.S. 573 (1980)**.*

5

**COUNT IV – FIFTH & FOURTEENTH AMENDMENT DUE PROCESS:**

Defendants deprived Plaintiff of property and liberty interests without due process, suppressed evidence, and interfered with parental rights. *See Troxel v. Granville,* **530 U.S. 57 (2000).**

**COUNT V – SIXTH AMENDMENT (INTERFERENCE WITH COUNSEL / FAIR TRIAL):**

Defendants interfered with Plaintiff's right to counsel, fair trial, and meaningful access to courts. *See Strickland v. Washington,* **466 U.S. 668 (1984).**

**COUNT VI – ADA TITLE II (42 U.S.C. § 12132):**

Defendants, as public entities, denied reasonable accommodations and discriminated against Plaintiff on the basis of disability. *See Pa. Dept. of Corr. v. Yeskey,* **524 U.S. 206 (1998).**

**COUNT VII – REHABILITATION ACT (29 U.S.C. § 794):**

Defendants discriminated against Plaintiff by denying accommodations and obstructing treatment and participation.

**COUNT VIII – 42 U.S.C. § 10803 (PAIMI – ABUSE, NEGLECT, RIGHTS VIOLATIONS):**

Defendants interfered with treatment, exploited mental-health status, and obstructed advocacy mechanisms.

**COUNT IX – MONELL LIABILITY (POLICY, CUSTOM, FAILURE TO TRAIN):**

Defendants' misconduct arose from policies, customs, or practices of municipal entities and affiliated institutions. *See Monell v. Dept. of Social Services,* **436 U.S. 658 (1978).**

6

**COUNT X – 42 U.S.C. § 12601 (PATTERN OR PRACTICE MISCONDUCT):**

Defendants engaged in a pattern or practice of law enforcement misconduct.

**COUNT XI – CIVIL RICO (18 U.S.C. §§ 1962, 1964):**

Defendants functioned as an association-in-fact enterprise, engaging in a pattern of racketeering activity, including obstruction, retaliation, and deprivation of rights under color of law. *See* **18 U.S.C. §§ 1961–1968**.

**COUNT XII – CONSPIRACY AGAINST RIGHTS (18 U.S.C. § 241):**

Defendants conspired to deprive Plaintiff of constitutional rights.

**COUNT XIII – DEPRIVATION OF RIGHTS (18 U.S.C. § 242):**

Defendants deprived Plaintiff of rights under color of law.

**COUNT XIV – OBSTRUCTION & TAMPERING (18 U.S.C. §§ 1512, 1519):**

Defendants suppressed or destroyed records, obstructed filings, and interfered with witnesses and evidence.

**COUNT XV – COMPUTER FRAUD & ABUSE (18 U.S.C. § 1030):**

Defendants accessed Plaintiff's digital accounts without authorization and interfered with electronic communications.

**COUNT XVI – 42 U.S.C. § 1985(3) (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS):**

Defendants conspired to retaliate against Plaintiff for protected activity and disability status.

# VII. GOVERNING FEDERAL AND STATE AUTHORITIES

## A. FEDERAL AUTHORITIES

- **First Amendment:** Hartman v. Moore, 547 U.S. 250 (2006)

- **Fourth Amendment:** Payton v. New York, 445 U.S. 573 (1980)

7

- **Fifth Amendment**

- **Sixth Amendment:** Strickland v. Washington, 466 U.S. 668 (1984)

- **Ninth Amendment**

- **Fourteenth Amendment:** Troxel v. Granville, 530 U.S. 57 (2000)

- **18 U.S.C. § 241:** Conspiracy against rights

- **18 U.S.C. § 242:** Deprivation of rights under color of law

- **18 U.S.C. § 1030:** Computer Fraud and Abuse Act

- **18 U.S.C. § 1512:** Witness tampering and obstruction of justice

- **18 U.S.C. § 1519:** Destruction or alteration of records

- **18 U.S.C. §§ 1961–1968 (RICO)**

- **29 U.S.C. § 794 (Section 504, Rehabilitation Act)**

- **42 U.S.C. § 1983**

- **42 U.S.C. § 12132 (ADA Title II):** Pa. Dept. of Corr. v. Yeskey, 524 U.S. 206 (1998)

- **42 U.S.C. § 12601**

- **42 U.S.C. § 1985(3)**

- **Parental Rights:** Troxel v. Granville, 530 U.S. 57 (2000)

## B. STATE OF TEXAS AUTHORITIES

- **Texas Constitution, Art. I, § 9:** State v. Granville, 423 S.W.3d 399 (Tex. Crim. App. 2014)

- **Texas Constitution, Art. I, §§ 3 and 19**

- **Texas Penal Code § 39.03**

- **Texas Human Resources Code § 121.003**

- **Texas Family Code § 261.101 et seq.**

8

- **In re C.J.C., 603 S.W.3d 804 (Tex. 2020)**

## C. MEDICAL MALPRACTICE & HEALTH CARE DUTIES

- **42 U.S.C. § 1395dd (EMTALA)**

- **Tex. Civ. Prac. & Rem. Code § 74.001 et seq.**

## D. LEGAL MALPRACTICE & REPRESENTATION STANDARDS

- **Sixth Amendment:** Strickland v. Washington, 466 U.S. 668 (1984)

- **Texas Disciplinary Rules of Professional Conduct**

- **Tex. Civ. Prac. & Rem. Code § 150.002**

## VIII. DAMAGES AND INJURIES

As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, denial and delay of medical care, loss of property, impairment of legal rights, reputational harm, and ongoing risk of retaliation. Plaintiff seeks compensatory damages and treble damages under RICO.

## IX. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Bhavesh A. Patel respectfully prays that this Court grant the following:

1. Declaratory relief that Defendants violated Plaintiff's constitutional and statutory rights;

2. Injunctive relief prohibiting further retaliation, discrimination, and obstruction;

3. Orders requiring reasonable accommodations under ADA Title II, Section 504, and PAIMI;

4. Compensatory damages;

5. Treble damages under RICO;

9

6. Costs and fees as allowed by law;

7. Preservation and production of evidence;

8. Such other relief as justice requires.

# X. PRESERVATION AND CRIMINAL-REFERRAL STATEMENT

Plaintiff requests preservation of the record and referral, as appropriate, for potential violations of **18 U.S.C. §§ 241, 242, 1030, 1512, 1519 and Texas Penal Code § 39.03.**

# XI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# XII. EXHIBIT A – DEFENDANTS

## A. INSTITUTIONAL / ENTITY DEFENDANTS

1. University of Texas Southwestern Medical Center ("UT Southwestern" or "UTSW")

2. UT Southwestern Medical Group

3. William P. Clements Jr. University Hospital

4. Baylor Scott & White Health

5. Baylor Scott & White – Keller Hospital

6. Baylor Scott & White – Grapevine Hospital

7. Baylor Scott & White – Trophy Club Hospital

8. Spectra Bank

9. Riverbend Financial Corp.

10. North Central Urology

11. Urology Partners

12. Mind Matters Psychiatry

13. Texas Department of Family and Protective Services (DFPS)

10

14. Office of the Texas Attorney General

15. Texas Medical Board

16. City of Dallas Health and Human Services

17. Dallas Police Department

## B. UT SOUTHWESTERN – INDIVIDUAL MEDICAL PROVIDERS

18. Ivan Nicholas Chew, M.D. – Anesthesiology / Pain Medicine

19. Shani Shastri, M.D. – Nephrology

20. Kamalanathan Kolandavelu Sambandam, M.D. – Nephrology

21. Sandy Diep, P.A. – Nephrology

22. Benjamin Morris Greenberg, M.D. – Neurology (MS Clinic Director)

23. Crystal Wright, N.P. – Neurology

24. Lindsay Ann Horton, M.D. – Neurology

25. Rupali Kumar, M.D. – Physical Medicine & Rehabilitation

26. Anjali Naresh Shah, M.D. – Physical Medicine & Rehabilitation / Neurology

27. Michelle H. Bradley – Physical Therapist

28. Meitra L. Doty, M.D. – Psychiatry

29. Mazin Al Tamimi, M.D. – Spine Surgery

30. Margaret S. Pearle, M.D. – Urology

31. Steven Jeffrey Hudak, M.D. – Urology

32. Joseph Xin, P.A. – Urology

33. Zhi Hao, N.P. (a/k/a "Mike") – Urology

## C. UT SOUTHWESTERN – EXECUTIVE & LEADERSHIP DEFENDANTS

34. Daniel Podolsky, M.D. – President

11

35. W. P. Andrew Lee, M.D. – EVP for Academic Affairs

36. Jonathan Efron, M.D. – EVP for Health System Affairs

37. Marc A. Nivet, Ed.D., M.B.A. – EVP for Institutional Advancement

38. Holly G. Crawford, M.B.A. – EVP for Business Affairs

39. Chris Rubio, M.B.A., FACHE – COO & Interim CEO, University Hospital

40. Christopher Madden, M.D. – VP & Senior Executive Officer

41. Tony Lakin – VP & Chief Information Security Officer

42. Claus G. Roehrborn, M.D. – Chair, Department of Urology

43. Nader Pouratian, M.D., Ph.D. – Chair, Department of Neurological Surgery

44. Charles W. Whitten, M.D. – Chair, Anesthesiology & Pain Management

45. Traci D'Auguste, M.B.A., M.S.H.A. – CEO, Clements University Hospital

46. Mack Mitchell, M.D. – VP for Medical Affairs

47. Mark Meyer, CPA – Chief Financial Officer

48. Susan Hernandez, D.N.P., M.B.A., RN – Chief Nurse Executive

49. Erin Sine, J.D. – General Counsel

50. Seth Toomay, M.D. – Chief Medical Officer

## D. BAYLOR SCOTT & WHITE – INDIVIDUAL PROVIDERS

51. Cindy Vu-D'Elia, D.O. – Family Practice

52. Gordon R. Aalund, M.D. – Emergency Medicine

53. Dennis Ortiz, D.O. – Urology

54. Oladele Adebogun, M.D. – Psychiatry

55. Hiyas Fonte, M.D. – Internal Medicine

56. Lira Chowdhury, D.O., FACOS – Urology

57. Harrison "Mitch" Abrahams, M.D. – Urology

## E. BAYLOR SCOTT & WHITE – BOARD MEMBERS

58. Pete McCanna – Chief Executive Officer

59. Bill Rayburn – Chairman of the Board

60. Robert Garriott – Vice Chairman

61. Amy Wilson – Trustee

62. Tim Bittenbinder – Director

63. Rafael Garza – Director

64. Johnita Jones – Director

65. Charlene Lake – Director

66. Paul Madeley – Director

67. George McCleskey – Director

68. Ross McKnight – Director

69. Drayton McLane – Director

70. Tresa McNeal – Director

71. Jim Turner – Director

72. David Walls – Director

73. David Winter – Director

## F. SPECTRA BANK / RIVERBEND – INDIVIDUAL DEFENDANTS

74. Barkat Ali

75. Amar Ali

76. Nur Ali

77. Sabrina Hakemy

13

**78.** Shair Baz Hakemy

**79.** John Neal Johnson

**80.** M. H. Farhat

**81.** Oscar Temblador

**82.** Kevin Johnston

**83.** Spencer Corbett

## G. SPECTRA / RIVERBEND – LEGAL COUNSEL

**84.** The Eichman Firm PLLC

**85.** John C. Eichman, Esq.

**86.** Linyard PLLC

**87.** Grayson L. Linyard, Esq.

## H. PRIOR COUNSEL DEFENDANTS

**88.** Lauren Anita Woods – Lauren Woods Law

**89.** Christopher Whitener Lewis – Chris Lewis & Associates, P.C.

**90.** Lukas Zakarias Sabastian Garcia – Garcia, Garcia & Mullen

**91.** George Rankin Milner III – Milner Wynne PLLC

## I. STATE, CITY, AND LAW ENFORCEMENT DEFENDANTS

**92.** Police Department for City of Fort Worth, Texas

**93.** Police Department for City of Azle, Texas

**94.** Police Department for City of Saginaw, Texas

**95.** Police Department for City of Southlake, Texas

**96.** Police Department for City of Arlington, Texas

**97.** Police Department for City of Keller, Texas

14

**98.** Police Department for City of Grand Prairie, Texas

**99.** Police Department for City of Irving, Texas

**100.** Police Department for City of Dallas, Texas

**101.** Police Department for City of Plano, Texas

**102.** Police Department for City of Frisco, Texas

**103.** Police Department for City of Denton, Texas

**104.** Police Department for City of Roanoke, Texas

**105.** Police Department for City of Trophy Club, Texas

**106.** Police Department for City of Euless, Texas

**107.** Police Department for City of Hurst, Texas

**108.** Police Department for City of Bedford, Texas

**109.** Police Department for City of Grapevine, Texas

**110.** Nancy Jones – Sergeant, Dallas Police Department

**111.** Juan M. Salas – Major, Dallas Police Department

**112.** Daniel C. Comeaux – Chief of Police, Dallas Police Department

**113.** Major Swyers – Dallas Police Department

**114.** Eric Johnson – Mayor, City of Dallas

**115.** Det. Cody Allan Shaklee – Dallas Police Department

**116.** Sgt. Daniel Russell– Dallas Police Department

**117.** Det. S. Jedlowski – Dallas Police Department

**118.** Officer Ashley Rios– Dallas Police Department

**119.** Officer Alan Kasey Evans– Dallas Police Department

**120.** Officer. Armando Dominguez – Dallas Police Department

15

121. Officer Fidel Ortiz Jr. – Dallas Police Department

122. Officer Benny D. Handley – Dallas Police Department

123. Officer Kevin W. Williams – Dallas Police Department

124. Officer Herb Cotner – Dallas Police Department

## J. STATE AGENCIES/OFFICIALS

125. **Texas Medical Board & Members**

126. City of Dallas Health and Human Services

127. Philip Huang, M.D., MPH – Director, Dallas County Health Authority

128. Texas Department of Family & Protective Services

129. Amanda Kennedy, LMSW – CPS Investigator IV

130. Office of the Attorney General of Texas Civil Rights Division / ADA Coordinator

131. Office of the Attorney General of Texas Child Support Division

132. Ken Paxton – Attorney General of Texas

133. Jaime Castiblanco – Constituent Affairs Division, OAG

## K. BUSINESS INDIVIDUALS

134. Prateek Desai

135. Mihir Patel

136. Imran Khan

137. Chirag Gandhi

138. Dharmesh Patel

139. Wajahat Ali Khan

140. Mitra Bhattarai

141. Kinjal Patel

16

## L. RESERVED DOE DEFENDANTS

**142. John Does 1–35** – Unknown officers, agents, employees, contractors, medical providers, supervisors, policymakers, and private individuals whose identities are currently unknown but will be substituted upon discovery.

Respectfully submitted,

**Bhavesh A. Patel**
**Plaintiff,** *pro se*
200 Edenderry Drive
Keller, TX 76248
Phone: (817) 739-5075
E-Mail: Bpatel7813@gmail.com

17

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BHAVESH A. PATEL, pro se

**(b)** County of Residence of First Listed Plaintiff   Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Bhavesh A. Patel, pro se; 200 Edenderry Dr; Keller, TX 76248; (817) 739-5075

## DEFENDANTS
ERIC JOHNSON MAYOR AND CITY OF DALLAS, et al.

DANIEL C. COMEAUX, CHIEF OF POLICE AND DALLAS POLICE DEPARTMENT, et al

SEE ATTACHED FOR OTHER NAMED DEFENDANT

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*   CITY OF DALLAS GENERAL COUNSEL OR

CITY ATTORNEY

4-25CV1439-O

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☒ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 1961–1964; 42 U.S.C. § 1983

Brief description of cause:   Civil RICO action alleging a pattern of racketeering activity and coordinated constitutional violations by state, municipal, and private actors and affiliated entities, including obstruction of justice, fraud, and deprivation of constitutional rights under color of law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   JUDGE ED KINKEADE   DOCKET NUMBER   3:23-cr-00252-K(07)

DATE
Bhavesh A. Patel, pro se

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |